The Attorney General is in receipt of your request for an opinion wherein you ask the following question: "Does the term 'other schools' in 70 O.S. 21-101 [70-21-101], as it relates to the voluntary licensure of a school, include unregulated nonvocational schools as well as vocational schools which are licensed by other state regulatory bodies?" Title 70 O.S. 21-101 [70-21-101] (1976), provides in pertinent part: "(a) The term 'private school' shall mean any privately owned business school, flight school, trade school or other school offering resident or correspondence courses in the State of Oklahoma in which it gives training, for a consideration or remuneration, in any business, professional, trade, technical, or industrial occupation; but such term shall not include barber schools, beauty schools or other schools, which are regulated or licensed under or pursuant to any law of this state; except that any barber schools, beauty schools or other schools, of their own volition, may apply and be licensed if they meet the criteria for approval established by the Oklahoma Board of Private Schools." A determination of whether or not the phrase "other schools" includes unregulated non-vocational schools must be answered by the rules of statutory construction. It is well established that in construction of statutes, the legislative intent must govern; and the method with which to ascertain such intent is to consider the statute as a whole. The Act's purpose when viewed as a whole is to license and regulate all privately owned vocational schools in Oklahoma which give training for consideration or remuneration. In defining the term "private schools" the Legislature was cognizant of the fact that some privately owned vocational schools were already regulated by the laws of Oklahoma and, therefore, created an exception whereby those schools which were already regulated would not be required to comply with the Private School Act. This exception was phrased as follows: "but such term private school shall not include barber schools, beauty schools or other schools, which are regulated or licensed under or pursuant to any law of this state ;" (Emphasis added) The Legislature then created an exception to the first exception noted above by providing: ". . . except that any barber schools, beauty schools or other schools, of their own volition, may apply and be licensed if they meet the criteria for approval established by the Oklahoma Board of Private Schools." Although the term "other schools" in this exception was not qualified by the phrase "which are regulated or licensed under or pursuant to any law of this state," it can not be presumed that the term "other school" was without restriction. Under the rule of ejusdem generis, where general words follow a designation of particular subjects or classes of persons, the meaning of the general words will ordinarily be presumed to be restricted and include only that class of persons, things or subjects specifically enumerated. Walton v. Donnelly,83 Okl. 233, 201 P. 367 (1921). Using the rule of construction as set forth in Walton, supra, the second exception allowing the volitional licensing of certain schools applies only to those schools specifically referred to in the preceding phrase which excluded regulated schools from the Act. It is, therefore, the official opinion of the Attorney General that the term "other schools" as it relates to the voluntary licensure provision in 70 O.S. 21-101 [70-21-101] (1976), applies only to barber schools, beauty schools or other schools which are regulated or licensed under or pursuant to any law of this State. (PATRICIA R. DEMPS) (ksg)